<hr />

## W. P. Owings *v.* John McKee.

RECORD: JUDGE'S NOTE MAY BE REFERRED TO, IN DETERMINING APPLICATION IN THE DISCRETION OF THE COURT.—The defendant's demurrer to the declaration was sustained, and leave given to amend; at the same term of the court

Owings *v.* McKee.

a motion for security for costs was entered, and the sixty days' rule taken by defendant. This rule, as appeared by an entry on the judge's docket, was, at the next term, made absolute; but the clerk failed to enter it on the minutes of the court. Two years thereafter (no steps in the cause having been taken in the meantime), the defendant moved to strike it from the docket, and at the same time the plaintiff offered to give security for costs, and to file his amended declaration. The court sustained the motion of the defendant, and dismissed the case. *Held*, that the notes of the judge, though not sufficient to show, technically, of record, that the rule for security for costs had been made absolute, yet were a sufficient reason why the court should refuse further indulgence to a negligent party, and that the judgment of the court below was correct.

In error from the Circuit Court of Yazoo county. Hon. E. G. Henry, judge.

*W. S. Epperson* and *E. Bowman*, for plaintiff in error,

Cited *Russell* v. *McDougald*, 3 S. & M. 234; *Miss. and Ala. R. R. Co.* v. *Ballard*, 5 S. & M. 606; 1 Virg. Cases, 123; *Cook* v. *Beasly*, 1 Texas R. 523; *Dent* v. *Coleman*, 10 S. & M. 88; *Harper* v. *Montgomery*, 11 Ib. 611; *Whitfield* v. *Wooldridge*, 23 Miss. R. 184.

*R. S. Holt*, for defendant in error,
Cited 27 Miss. R. 433.

HANDY, J., delivered the opinion of the court.

At the May term, 1855, a demurrer to the declaration was sustained, and the plaintiff was allowed leave to amend. At the same time, a sixty days' rule, for security for costs, was granted. No further steps appear, by the record, to have been taken until May term, 1857, when the defendant below moved the court to strike the case from the docket, and at the same time the plaintiff moved for leave to give security for costs, and to file an amendment to the declaration, which was offered. The court granted the defendant's motion, and struck the case from the docket.

It appears, by the bill of exceptions, that, although the order to make the rule for security for costs absolute, had not been entered on the minutes of the court, such an order had been actually made, as appeared by the notes made by the judge upon the docket. This, though not sufficient to show technically of record, that the rule

had been made absolute, was a sufficient reason why the court, which must be presumed to be cognizant of the steps and course of proceedings which have transpired in a cause, should refuse further indulgence to a negligent party, and should carry into effect an order which, within the knowledge of the court, had been made at a previous term, but had not been entered of record. Certainly a knowledge of these facts, on the part of the court, together with the fact that the plaintiff had, for two years, failed to avail himself of the leave granted to amend, was a sufficient reason why the court should not, at so late a day and after a motion to dismiss the case had been made by the defendant, allow an application to file an amended declaration.

Let the judgment be affirmed.